IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MRK INTERNATIONAL, LLC,**

    **Plaintiff**

vs.                                                                                                                                                                     CIV No. 09-0827 MCA/DJS

**EARTHSTONE INTERNATIONAL, LLC,**

    **Defendant/Third Party Plaintiff,**

vs.

**RICHARD L. KILEY,**

    **Third Party Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant/Third Party Plaintiff Earthstone International, LLC's Motion for a Confidentiality Order Pursuant to FED.R.CIV.P. 26(c)(1)(G) **[Doc. No. 31]** filed on March 1, 2010, and fully briefed on April 15, 2010. Having reviewed the motion, the parties' pleadings, and the applicable law, the Court finds that the motion is well taken and will be **GRANTED**.

MRK International, LLC (MRK) and Earthstone International, LLC (Earthstone) are privately held limited liability companies. Richard Kiley is an officer of MRK and former officer and director of Earthstone. Compl. ¶1. Earthstone contends that many of the documents identified by the parties in their Initial Disclosures and documents the parties will likely exchange during discovery contain sensitive financial and commercial information of both the parties to this matter and of non-party investors in Earthstone. Mot. Confidentiality Or.; Ex. A (Faggen Aff.). Specifically, Earthstone asserts these documents contain information

related to "Earthstone's budget, revenues, debts, marketing strategies, intellectual property, potential agreements and meetings with individuals and companies who are not parties to this matter, actual and potential customers, investors in Earthstone, as well as other sensitive financial and commercial information." *Id.*¶4.  Earthstone argues that public disclosure of this information could result in economic harm to its competitive position.  Additionally, Earthstone contends its investors, who are not parties to this action, may not wish to have the amount of their investment or any financial information made accessible to the public.  *Id.* ¶6.

     Earthstone makes clear that it does not want to limit discovery.  In fact, Earthstone contends the majority of documents and information at issue in this matter are already known to all parties.  *Id.*¶5.  Earthstone moves the Court for a Confidentiality Order to limit the public disclosure of "certain sensitive commercial information."  Mot. Confidentiality Or. at 2.  Earthstone claims its proposed Confidentiality Order contains reasonable protections to ensure there are no delays in the exchange of discovery, provides a mechanism for the parties to challenge the designation of confidentiality as to particular items of information, allows for certain third party disclosures, and permits the use of confidential documents and information at trial when deemed relevant and admissible.

     MRK and Kiley oppose Earthstone's motion, arguing Earthstone has not shown good cause for entry of a protective order.  Kiley submitted an affidavit attesting, *inter alia*, to the following: (1) he knows of no information relevant to this litigation or likely to be produced during the course of discovery that could result in any economic harm to the competitive position of Earthstone; (2) in the event that such information does arise during the course of this litigation, he will take whatever action is necessary to prevent its disclosure to the public at large; (3) Earthstone has publically disclosed most of its intellectual property by its patent

filings, and its marketing strategies are fully disclosed on its website; (4) disclosure of Earthstone's investors, the amounts of their investments, how investors' investments were solicited and obtained, or of meetings or potential agreements with individuals who are not parties to this information will have no anti-competitive effect upon Earthstone; and (5) Earthstone has enjoyed significant financial support from governmental entities, and thus the identity of the individuals and the extent of their investment in Earthstone is a legitimate matter of public interest and should not be restricted.  Response; Kiley Aff. ¶¶ 3-6.

In addition, MRK/Kiley contend that Earthstone fails to describe the specific documents it considers confidential and fails to describe the specific harm that would ensue in the absence of a protective order.  MRK/Kiley also object to the proposed Confidential Order on the grounds that (1) it allows Earthstone to designate an entire document or group of documents as confidential when only one or two sentences of the document(s) are subject to the Confidentiality Order; (2) it places the burden on the party seeking to remove a confidentiality designation of a document(s) to seek relief from the Court when the burden should be on the party designating the document(s) as confidential; and (3) it requires a party contesting a "Confidential" designation of a document(s) to file its objection(s) within thirty days of receiving the challenged document(s) or it will waive its objection(s).

In its reply, Earthstone contends its financial, customer, marketing and investor information is likely to harm its competitive position.  Although Earthstone's environmentally friendly stripping and household cleaning products are unique in that they are made with recycled glass, Earthstone argues it has competitors who also sell stripping, sanding and cleaning products.   Hence, Earthstone argues that a competitor or a company considering competing with it could use Earthstone's information to place themselves in a competitively advantageous

3

position with customers. Earthstone also argues that the impact of publicly disclosing Earthstone's budget and its dealings with various customers and potential customers is information that a customer could use to its advantage to attempt to negotiate a better deal with Earthstone, a deal less economically advantageous to Earthstone.

Rule 26 of the Federal Rules of Civil Procedure provides, in relevant part, that for good cause shown, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including . . . that a trade secret or confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED.R.CIV.P. 26(c)(1)(G). It is the party seeking the protective order who has the burden to show good cause for a protective order." *Velasquez v. Frontier Medical Inc.*, 229 F.R.D. 197, 200 (D.N.M.2005). "A party seeking to resist disclosure under [Rule 26] must first establish that the information sought is trade secret or other confidential research, development, or commercial information and then demonstrate that its disclosure might be harmful." *MPG Ingredients, Inc. v. Mars Inc.,* 245 F.R.D. 497, 500 (D.Kan. 2007)(citing *Centurion Indus., Inc. v. Warren Steurer & Assocs.,* 665 F.2d 323, 325 (10th Cir. 1981)). Once these requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets, confidential research or other commercial information is relevant and necessary to the action. *Id.* Finally, the Court must balance the need of the party seeking discovery of the trade secrets, confidential research or commercial information against the opposing party's claim of injury resulting from the disclosure. *Id.*

Earthstone has demonstrated how public disclosure of its commercially sensitive information might harm its competitive standing. Thus, Earthstone has met its burden of

showing good cause for a protective order.  Accordingly, the Court will grant Earthstone's motion.

The parties have not been able to agree on the terms of a confidentiality order.  MRK claims Earthstone's proposed Confidentiality Order shifts the burden of proof as to the confidentiality of a document to MRK.  Earthstone disagrees, arguing MRK and Kiley misunderstand the provisions of the proposed Confidentiality Order.  The parties should attempt to resolve their dispute(s) regarding a confidentiality order.  The parties should confer and submit a proposed Confidentiality Order within seven (7) days from the filing of this Memorandum Opinion and Order.  If the parties cannot agree on the terms of a confidentiality order, they may ask the Court for assistance.

**NOW, THEREFORE**,

**IT IS HEREBY ORDERED** that Defendant/Third Party Plaintiff Earthstone International, LLC's Motion for a Confidentiality Order Pursuant to FED.R.CIV.P 26(c}(1)(G) is granted.

_____
**DON J. SVET**
**United States Magistrate Judge**