IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MRK INTERNATIONAL, LLC,**

    **Plaintiff**

vs.                                                                                                                CIV No. 09-0827 MCA/DJS

**EARTHSTONE INTERNATIONAL, LLC,**

    **Defendant/Third Party Plaintiff,**

vs.

**RICHARD L. KILEY,**

    **Third Party Defendant.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Plaintiff MRK International, LLC and Third Party Defendant Richard L. Kiley's Motion to Strike Portions of Deposition Errata Sheet of Andrew Ungerleider **[Doc. No. 87]** filed on October 11, 2010, and fully briefed on November 8, 2010.  MRK International, LLC (hereinafter "MRK") and Third Party Defendant Richard Kiley (hereinafter "Kiley") move the Court to strike three of the corrections on the errata sheet Ungerleider submitted.  Having reviewed the motion, the parties' pleadings, and the applicable law, the Court finds that the motion is well taken and will be **GRANTED.**

**I.  Background**

    Defendant Earthstone International, LLC (hereinafter "Earthstone) entered into a settlement agreement with MRK in 2009.  It is undisputed that Earthstone offered to settle MRK's claims for amounts due by Earthstone to MRK for $215,000.00.  There is a dispute, however, that Earthstone offered to pay the $215,000.00 to MRK only in the form of equity

consisting of stock in Earthstone, rather than by a cash payment to settle MRK's claims.  MRK contends Earthstone's settlement offer does not specify how the sum would be paid and thus argues Earthstone did not condition the settlement on MRK accepting equity rather than cash.

On August 24, 2010, counsel for MRK deposed Andrew Ungerleider.  Ungerleider's counsel was present during the deposition.  Ungerleider was the member of the Earthstone Board of Directors who proposed the $215,000.00 settlement to the other Earthstone Board members.  MRK's counsel specifically questioned Ungerleider regarding whether the settlement was conditioned on MRK accepting equity in payment rather than cash.  At his deposition, Ungerleider testified as follows:

Question:   Okay.  And it was your understanding at this time that Earthstone had offered $215,000 to settle it, and Rich had accepted the offer.

Answer:   Correct.  [Errata seeks to add: "in equity"]

Question:   And that Earthstone owed Rich $215,000, but you didn't know where they'd get the cash to pay it.

Answer:   Correct.  [Errata seeks to add: "in equity"]

Mem. Support Mot. Strike; Ex. B, Ungerleider Dep. p.66, lines 1-10.  Ungerleider modified his statements in lines 5 and 9 in an errata sheet submitted pursuant to Federal Rule of Civil Procedure 30(e).  Ungerleider seeks to add "in equity" after his answers "correct" in line 5 and line 9 of his deposition.  Ungerleider stated the reason for the first change was to clarify his answer.  No reason is given for the second change.

Ungerleider further testified:

| | |
|---|---|
| Question: | Okay. So there was no discussion or conditioning of equity at that February 26th meeting, and there was no conditioning of the offer on the fact that it be paid in equity. Am I correct? |
| Answer: | Or cash. |
| Question: | Yeah. Pardon? |
| Answer: | Or cash. |
| Question: | It was just said it was paid. It was just a settlement offer– |
| Answer: | In order to settle– |
| Question: | Yeah. |
| Answer: | – the whole deal with Rich, which had been years in the making– |
| Question: | Uh- huh. |
| Answer: | – that I agreed that money was owed and due. |
| Question: | In the amount of $215,000. |
| Answer: | Correct. [Errata seeks to add "in amount to be paid in equity"]. |

*Id.*; Ex. B, Ungerleider Dep., pp. 69, lines 15- 25, p. 70, lines 1-8. Again, Ungerleider modified his statement in an errata sheet submitted pursuant to Federal Rule of Civil Procedure 30(e). Ungerleider stated the reason for the change was to clarify his statement. MRK contends Ungerleider has attempted to materially alter his deposition testimony and moves the Court to strike these portions of his deposition errata sheet.

On the other hand, Earthstone contends Ungerleider's errata sheet corrections are consistent with his overall testimony and serve only to clarify his testimony and are not material changes to his testimony. However, as MRK points out, Ungerleider testified that Earthstone

...

and MRK entered into a settlement agreement which was not conditioned upon MRK accepting the settlement in equity. Ungerleider testified as follows:

Question:   Well, the settlement offer was not conditioned on being paid in equity; is that correct? That's the reason, in fact, that Ivan voted against it.

Answer:   Could you restate?

Question:   Yeah. The **settlement offer adopted at the February 26th meeting was not conditioned on it being paid in equity**. And that is the reason that Ivan voted against it. He told you he didn't want to vote for a liability if the company had not made a determination as to how it could be paid.

Answer:   **Correct**.

Resp. Opp'n Mot. Strike;Ex. H, Ungerleider Dep., p.69, lines 3-14.

## II. Discussion

Rule 30 of the Federal Rules of Civil Procedure states in relevant part:

(e)   Review by the Witness; Changes.

(2)   Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A)   to review the transcript or recording; and

(B)   if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

FED.R.CIV.P. 30(E)(1). In *Garcia v. Pueblo Country Club*, 299 F.3d 1233 (10th Cir. 2002), the Tenth Circuit discussed the purpose of Rule 30(e). The Court noted that "[t]he Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses.

Depositions differ from interrogatories in that regard.  A deposition is not a take home examination." *Garcia*, 299 F.3d at 1242 n. 5 (quotation omitted).   The court further stated, "[w]e do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony." *Id*.

In *Burns v. Board of County Comm'rs of Jackson County,* 330 F.3d 1275 (10th Cir. 2003), the Tenth Circuit saw no reason to treat Rule 30(e) corrections differently than affidavits and held that attempts to amend deposition testimony must be evaluated under *Franks v. Nimmo*, 796 F.2d 1230 (10th Cir.1986), which deals with "sham affidavits."  The *Franks* factors to be considered in determining whether an affidavit presents a sham issue include "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id*. at 1237.

In this case, the challenged changes Ungerleider's seeks to make via his errata sheet are inconsistent with his testimony and are material changes to his deposition testimony.  Applying the *Franks* factors, the Court finds that Ungerleider was cross-examined at his deposition, his corrections were not based on any newly discovered evidence, and Ungerleider does not claim he was confused at his deposition.  In fact, as his testimony shows, he asked MRK's counsel to restate his question.   For the foregoing reasons, the Court will grant MRK's motion to strike.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that the Motion to Strike Portions of Deposition Errata Sheet of Andrew Ungerleider [Doc. No. 87] filed by MRK International, LLC Third Party Defendant Richard L. Kiley is **GRANTED.**

**IT IS FURTHER ORDERED** that Ungerleider's errata sheet, seeking to change his deposition testimony at page 69, line 5, page 66, line 9, and page 70, line 8, is stricken.

_____
**DON J. SVET**
**United States Magistrate Judge**